# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM DOYLE, Inmate #N-84427,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CIVIL NO. 05-251-MJR |
| **C/O PASQUINO, C/O BAKER, SGT. WAGNER, LT. REES, LT. HINES and ROGER E. WALKER, JR.,** | ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

The complaint presents a detailed chronology of events that occurred in 2004 while Plaintiff was in the Menard Correctional Center, and two distinct claims emerge. First, it appears that Plaintiff was subjected to verbal harassment by several officers, most frequently by Defendant Pasquino. Plaintiff specifically alleges that on many occasions, Pasquino would "put on his super tough-guy face (frowning at you looking crazy while leaning towards you)" when dealing with him, often in the presence of other officers, yet nobody took steps to prevent this behavior. Other officers periodically raised their voices towards him, or directed racial epithets at him.

Although the Court does not condone this sort of behavior, such incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Accordingly, Plaintiff has not presented a viable constitutional claim regarding verbal harassment, and this claim is dismissed from this action with prejudice.

The other claim involves numerous grievances Plaintiff filed. Some of these grievances

involved the verbal harassment from Pasquino and others that was directed toward Plaintiff; other grievances involved actions of officers that had no impact on him.[1]  According to the complaint, many of his grievances were conveniently "lost," while others were routinely delayed or denied without reasonable consideration.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Again, Plaintiff has not presented a viable constitutional claim regarding the handling of his grievances, and this claim is also dismissed from this action with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 15th day of February, 2006.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**

---

[1]  On one occasion, Plaintiff filed a grievance because Defendants Rees and Wagner had failed to intervene when Defendant Baker engaged in a "sexually harassing conversation . . . in the presence of a female IDOC employee."